# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

RYAN JOSEPH HRIBICK,

    Petitioner,

v.

WARDEN DAVID E. ORTIZ,

    Respondent.

Civ. No. 17-2432 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] Petitioner filed an application to proceed *in forma pauperis* in a habeas corpus case. That application will be granted based on the information provided therein. For the following reasons, the habeas petition will be summarily dismissed.

## II. BACKGROUND

Petitioner pled guilty to possession of an unregistered firearm, manufacturing, and dealing with explosive materials, conspiring to obstruct justice and witness tampering in federal court. He is currently serving a forty-three month sentence on these convictions.

In April, 2017, petitioner filed this habeas petition. He states that he has been improperly labeled by the Federal Bureau of Prisons ("BOP") at the "Greatest Severity" level of the public safety factor. By being labeled as such, petitioner alleges that this has prevented him from being

---

[1] Petitioner actually entitles his filing as a "Motion requesting public safety factor (P.S.F.) be waived and removed, pursuant to B.O.P. Program Statement 5100.08.." However, it is worth noting that petitioner filed his application to proceed *in forma pauperis* in a habeas case. (*See* Dkt. No. 1-3) Therefore, this Court has construed petitioner's filing as a habeas petition.

allowed to be transferred to a prison camp. He requests that this Court waive and remove this level of public safety factor so that he can be permitted to be transferred to a prison camp.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted). The United States Court of Appeals for the Third Circuit has noted that "the precise meaning of 'execution of the sentence' is hazy." *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012) (quotations and citations omitted). In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)), the Third Circuit

held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety prison transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.

*Woodall*, 432 F.3d at 243.

Unlike the petitioner in *Woodall*, the petitioner in this case challenges his public safety factor variable, and, as a corollary, his purported inability to be transferred to a prison camp facility as opposed to a CCC. Therefore, his claim is a challenge to the condition of his confinement, rather than to the factor or duration of his confinement. Accordingly, it is not proper for petitioner to bring such a claim in this habeas petition. *See Briley v. Attorney General United States*, 632 F. App'x 84, 84 (3d Cir. 2016) (affirming district court's dismissal because petitioner's challenge to a Greater Security Management Variable was not cognizable in federal habeas review); *see also Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) ("Cohen's challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] ... In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding."); *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's

claims concerning the determination of his custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition. None of his claims challenge the fact or length of his sentence or confinement." (internal citations omitted)); *Bonadonna v. Zickefoose*, No. 12-6258, 2013 WL 6187347, at *2 (D.N.J. Nov. 26, 2013) ("Petitioner's challenge regarding his custody classification or PSF does not affect the fact or length of incarceration. Consequently, habeas relief is unavailable to him."); *Minor v. Zickefoose*, No. 12-3927, 2012 WL 6005714, at *2 (D.N.J. Nov. 30, 2012) (same). Thus, summary dismissal of this habeas petition is appropriate at this time.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed. An appropriate order will be entered.

DATED: April 19, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
